# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 22, 2023

| | |
|---|---|
| * * * * * * * * * * * * <br> APRIL COLON, <br> *As parent and natural guardian of infant,* <br> C.L., <br>               Petitioner, <br> v. <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>               Respondent. <br> * * * * * * * * * * * * | No. 20-521V <br><br> Special Master Gowen |

*Bruce Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Rachelle Bishop*, US. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON STIPULATION[1]

On April 28, 2020, April Colon ("petitioner"), as parent and natural guardian of her infant, C.L., filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that, as a result of receiving the HPV vaccine on April 11, 2018, C.L. suffered from injuries including optic neuritis, spasm of accommodation, optic atrophy, pseudmyopia, paresthesia in the bilateral lower extremities, lower leg weakness, and fatigue. *Id.* at Preamble.

On December 19, 2023, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 83). Respondent denies that

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the HPV vaccine "caused C.L. to suffer from [optic neuritis] or any other injury or her current condition." *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties agree "that the issues between them shall be settled" and that a decision awarding compensation shall be entered according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

1) **An amount of $42,500.00 to purchase an annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). This amount represents compensation for all damages that will be available under 42 U.S. C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the stipulation and this decision.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| APRIL COLON, as parent and natural guardian of Infant, C.L., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 20-521V <br> Special Master Gowen <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, C.L., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to C.L.'s receipt of the Human Papillomavirus ("HPV") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. C.L. received the HPV vaccination on April 11, 2018.

3. The vaccine was administered within the United States.

4. Petitioner alleges that C.L. suffered from optic neuritis ("ON") as a result of the HPV vaccine and that she experienced the residual effects of this injury for more than six months.[1]

---

[1] Petitioner also alleges that C.L. suffered spasms of accommodation, optic atrophy, pseudomyopia, paresthesia in bilateral lower extremities, bilateral leg weakness, fatigue, chiasmal optic neuritis, and acute disseminated encephalomyelitis. Respondent denies that C.L. suffered from any of these conditions, and, if she did suffer from these conditions, then respondent denies that they were due to her HPV vaccination.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of C.L. as a result of her condition.

6. Respondent denies that that the vaccine caused C.L. to suffer from ON or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   a. An amount of $42,500.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

   This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of C.L., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to C.L. for damages available under 42 U.S.C. §300aa-15(a), as follows:

a. A certain lump sum of $42,513.60 payable on October 20, 2024.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $42,500.00. In the event that the cost of the annuity set forth above varies from $42,500.00, the certain lump sum payable on October 20, 2024, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $42,500.00. The certain lump sum payment provided herein shall be made to C.L. as set forth above. Should C.L. predecease payment of the certain lump sum payment set forth above, said payment shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of C.L.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 *et seq.*)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of C.L. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or if necessary will become, duly authorized to serve as guardian/conservator of C.L.'s estate under the laws of New York.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of C.L., on behalf of herself, C.L., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally

4

release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of C.L. resulting from, or alleged to have resulted from, the HPV vaccination administered on April 11, 2018, as alleged in a petition for vaccine compensation filed on or about April 28, 2020, in the United States Court of Federal Claims as petition No. 20-521V.

18. If C.L. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition, or in the items of compensation sought, is not grounds to modify or revise this agreement.

21.     Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccine caused C.L. to suffer ON or any other injury or her current disability, or that petitioner suffered an injury contained in the Vaccine Injury Table.

23.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ April C Colon*
APRIL COLON

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Bruce W. Slane*
BRUCE W. SLANE, ESQ.
The Law Office of Bruce W. Slane, P.C.
188 East Post Road, Suite 205
White Plains, New York 10601
Tel: (914) 269-2010
Email: bruce@slane-law.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Henry P. by Mcmillan -S5
Digitally signed by Henry P. Mcmillan -S5
Date: 2023.11.29 14:50:50 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: **12/19/23**

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Rachelle Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3662
Email: Rachelle.P.Bishop@usdoj.gov

7