# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| APRIL COLON, | * | |
| *As parent and natural guardian of infant,* | * | |
| C.L. | * | |
| | * | |
| Petitioner, | * | No. 20-521V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
*Rachelle Bishop*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 6, 2024, April Colon, as parent and natural guardian of her infant, C.L., ("Petitioners") filed a motion for attorneys' fees and costs. Petitioners' Motion for Attorney Fees ("Fees App.") (ECF No. 89). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$179,511.53.**

### I. Procedural History

On April 28, 2020, April Colon ("petitioner"), as parent and natural guardian of her infant, C.L., filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that, as a result of receiving the HPV vaccine on April

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

11, 2018, C.L. suffered from injuries including optic neuritis, spasm of accommodation, optic atrophy, pseudmyopia, paresthesia in the bilateral lower extremities, lower leg weakness, and fatigue. *Id*. at Preamble. On December 19, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on December 22, 2023. (ECF No. 84).

On March 6, 2024, Petitioner filed a motion for attorneys' fees and costs incurred by counsel at the Law Office of Bruce W. Slane, P.C. and by petitioner's prior counsel at Muller Brazil, LLP. Petitioner requests compensation in the total amount of $184,985.16, representing $107,672.50 in attorneys' fees and $75,682.70 in costs incurred by the Law Office of Bruce W. Slane, P.C, and $1,443.50 in attorneys' fees and $96.46 in costs incurred by Muller Brazil, LLP. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. Fees App. Tab C. Respondent reacted to the fees motion on March 7, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 90). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery*

*Special Serv. Dist. v. U.S. EPA,* 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2022, which can be accessed online.

### i. Law Office of Bruce W. Slane, P.C.

Petitioner requests the following rates of compensation for her attorneys: for Mr. Bruce Slane, $365.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $440.00 per hour for work performed in 2024; for Mr. Christian Martinez, $215.00 per hour for time billed in 2019; $225.00 per hour for time billed in 2020, $235.00 per hour for time billed in 2021, and $265.00 per hour for time billed in 2022; and for Mr. Jeremy Barberi, $345.00 per hour for work performed in 2022, and $375.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

Turning next to the billed hours, I have reviewed the submitted billing entries and find that the hours billed are largely reasonable. However, a small amount must be reduced for attorney time billed for administrative work. Attorneys in the Vaccine Program are permitted to perform and bill for paralegal-level work, but such work must be billed at a rate that is comparable to what a paralegal would be paid for performing the same task. *Doe ex rel. Estate of Doe v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 419 U.S. 274, 288 (1989)) ("[T]he rate at which [certain] work is compensated turns not on who ultimately performed the task but instead on the nature of the task performed."). Paralegal tasks include routine letter-writing, medical record requests and authorizations, preparation of exhibits for filing, organization of medical records, and preparation of routine filings. *Id.* (citing *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576V, 1997 WL 588954, *2 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Barnes v. Sec'y of Health & Human Servs.*, No. 90-1101V, 1999 WL 797468, *4 (Fed. Cl. Spec. Mstr. Sept. 17, 1999); *Rupert v. Sec'y of Health & Human Servs.*, No. 99-774V, 2002 WL 360005, *5 (Fed. Cl. Spec. Mstr. Feb. 14, 2002), *remanded on other grounds*, 52 Fed. Cl. 684 (2002)).

The billing entries reveal time was billed for paralegal/administrative tasks, such as filing documents and reviewing CMECF notifications for documents they just filed. There are more than 85 such entries throughout the billing records. *See* Fees App. Tab A at 6-7, 10, 13-14, 18, 20-23, 28-29, 31, 33-35, 38-39, 43, 45-46, 48-51, 55. To offset these issues, the undersigned finds a 5% reduction in fees to be appropriate in this case. This results in a reduction of **$5,383.63**. Accordingly, for the Law Office of Bruce W. Slane, P.C., Petitioner is entitled to final attorneys' fees in the amount of $102,288.87.

### ii. Muller Brazil, LLP

Petitioner requests $250.00 per hour for work performed by Ms. Amy Senerth in 2019. This rate is consistent with what Ms. Senerth has been previously awarded for her Vaccine Program work, and the undersigned finds it to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. Respondent has not identified any particular entries as being objectionable. Therefore, for Muller Brazil, LLP, Petitioner is entitled to final attorneys' fees of $1,443.50.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

### i. Law Office of Bruce W. Slane, P.C.

Petitioner requests attorneys' costs incurred by the Law Office of Bruce W. Slane, P.C. in the amount of $75,682.70. This amount is comprised of fees for acquisition of medical records, medical literature, postage, meals during the client visit, and expert services provided by Dr. Dean Cestari and Dr. David Axelrod. *See* Fees App Tab A at 60-62; *see also* Fees App. Ex. B.

Petitioner requests reimbursement for expert services provided by Dr. Dean Cestari for 110.65 hours at a rate of $550.00 per hour, totaling $60,857.50. Fees App. Tab B at 37-48, 77. Petitioner also requests reimbursement for expert services provided by Dr. David Axelrod for 34.25 hours at a rate of $400.00 per hour, totaling $13,700.00. Fees App. Ex. B at 30, 58-59, 65. This case presented particularly complex medical issues requiring a substantial amount of work by Dr. Cestari to which he brought his significant qualifications as a neuro-ophthalmologist in preparing detailed and extensive expert reports. As such I have concluded that his hourly rate is reasonable and time spent in preparing these reports was reasonable and necessary to address the issues in the case.

Petitioner has provided adequate documentation supporting all of her requested costs and Respondent also has not identified any particular costs as objectionable. Therefore, for the Law Office of Bruce W. Slane, P.C., Petitioner is awarded the full amount of costs sought.

### ii. Muller Brazil, LLP

Petitioner requests attorneys' costs incurred by Muller Brazil, LLP in the amount of $96.46 to acquire medical records Fees App. Tab D. These costs have been supported with the necessary documentation and are reasonable. Accordingly, for Muller Brazil, LLP, Petitioner is awarded the full amount of costs sought.

### III.     Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| **Law Office of Bruce W. Slane, P.C.** | |
|---|---|
| Attorneys' Fees Requested | $107,672.50 |
| (Reduction of Fees) | ($5,383.63) |
| **Total Attorneys' Fees Awarded** | **$102,288.87** |
| | |
| Attorneys' Costs Requested | $75,682.70 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$75,682.70** |
| | |
| **Total Attorneys' Fees and Costs** | **$177,971.57** |
| | |
| **Muller Brazil, LLP** | |
| Attorneys' Fees Requested | $1,443.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$1,443.50** |
| | |
| Attorneys' Costs Requested | $96.46 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$96.46** |
| | |
| **Total Attorneys' Fees and Costs** | **$1,539.96** |
| | |
| | |
| **Total Attorneys' Fees and Costs** | **$179,511.53** |

**Accordingly, I award the following:[3]**

1) **A lump sum in the amount of $179,511.53, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her counsel, Mr. Bruce W. Slane.**

2) **A lump sum in the amount of $1,539.96, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her counsel, Muller Brazil, LLP.**

---

[3] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).